IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| WAMCO XXX, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 04-1340-T/An |
| ) | |
| XS INCORPORATED, RONALD L. ) | |
| BOYD and GLENDA BOYD, ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND
ORDERING PLAINTIFF TO SUBMIT ADDITIONAL INFORMATION

This action was filed on December 27, 2004 by plaintiff Wamco XXX, Ltd. to collect on a defaulted promissory note. The defendants are XS Incorporated, the maker under the note, and Ronald L. Boyd and Glenda Boyd, guarantors of the note. Before the Court is the plaintiff's motion for summary judgment, which was filed on May 16, 2005. Pursuant to Local Rule 7.2(a)(2), a response to the motion was due on or before June 20, 2005. See Fed. R. Civ. P. 6(a), (e). However, the defendants have neither responded to the motion nor sought an extension of time in which to do so.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed. R. Civ. P. 56(c). The moving party may support the

motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 323. "The inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986)). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that defendants did not respond does not require granting plaintiff's motion. However, if the allegations of the complaint are supported by plaintiff's evidence and plaintiff is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

In the defendants' answer, the material facts alleged in the complaint are admitted. Defendant XS Incorporated is the maker under a promissory note dated July 2, 1999 in the

2

principal amount of $1,200,000, with interest to be paid at 2% plus prime. The original lender was Mercantile Bank of Kentucky. On December 20, 2002, plaintiff became the owner by assignment of the note and all rights thereunder, including the associated guaranties executed by Ronald L. Boyd and Glenda Boyd. The note currently is in default.

As the defendants apparently do not dispute either the validity of the note, its terms or their default, the only issue to be determined in this case is the exact amount due under the note. Plaintiff has submitted evidence showing that as of April 19, 2005, the total amount due on the note, including accrued interest, was $241,976.54. Interest continued to accrue at the rate of $35.51 per day through May 11, 2005, for additional interest of $781.22. The amount due under the note, including principal and interest as of May 11, 2005 was, therefore, $242,757.76. However, the applicable interest rate is variable and may have changed since May 11, 2005; therefore, the Court is unable to calculate the total amount currently due under the note at this time.

Plaintiff also has submitted the affidavit of counsel, James R. Kelley, of the law firm of Neal & Harwell, PLC. Mr. Kelley states that through May 2005, Neal & Harwell had incurred attorney fees in this matter in the amount of $2,189.25 and expenses in the amount of $381.55. Kelley also states that the firm anticipates that additional legal fees and expenses in the amount of $10,000 will be incurred in collecting the judgment. Thus, the total amount of attorney fees and expenses sought is $12,570.80.

3

The note at issue in this case does provide for the payment of reasonable attorney fees and expenses incurred in collecting the debt. However, the Court finds that awarding "anticipated" fees and expenses would not be appropriate, as such fees and expenses are merely speculative in nature. The plaintiff will be allowed to submit evidence of any additional attorney fees and expenses actually incurred by counsel since the filing of the motion for summary judgment.

As the defendants have failed to refute the evidence submitted by the plaintiff, the Court finds that there are no genuine issues of material fact regarding the validity, terms or default of the debt in this case and that plaintiff is entitled to judgment as a matter of law. Therefore, plaintiff's motion for summary judgment is GRANTED. Plaintiff is hereby ORDERED to submit, within 15 days after the entry of this order, documentation of the amount currently due under the note and the amount of interest accruing per day. Plaintiff may also submit evidence of additional attorney fees and expenses actually incurred in this matter.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

29 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:04-CV-01340 was distributed by fax, mail, or direct printing on August 2, 2005 to the parties listed.

---

L. Lee Harrell
HARRELL & HARRELL
110 Northwest Court Sq.
Trenton, TN 38382

James R. Kelley
NEAL & HARWELL, PLC
150 Fourth Avenue, North
Suite 2000
Nashville, TN 37219

Honorable James Todd
US DISTRICT COURT